UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Matthew Kurtenbach,<br><br>    Plaintiff,<br><br>v.<br><br>Yellow Medicine County, Keith Helgeson, Gregory Barnes, Wayne DeBlieck, Travis MacLeod, and Kathy Busack,<br><br>    Defendants. | Case No. 21-cv-352 (KMM/JFD)<br><br>REPORT AND RECOMMENDATION |

  This matter is before the Court on Plaintiff Matthew Kurtenbach's Motion for Summary Judgment (Dkt. No. 81); Defendants Yellow Medicine County, Keith Helgeson, Gregory Barnes, Wayne DeBlieck, and Kathy Busack's Motion for Summary Judgment (Dkt. No. 88); and Defendant Travis MacLeod's Motion for Summary Judgment (Dkt. No. 98). For the reasons set forth below, the Court recommends that Plaintiff Matthew Kurtenbach's Motion for Summary Judgment be denied; Defendants Yellow Medicine County, Keith Helgeson, Gregory Barnes, Wayne DeBlieck, and Kathy Busack's Motion for Summary Judgment (Dkt. No. 88) be denied as moot; and Defendant Travis MacLeod's Motion for Summary Judgment (Dkt. No. 98) be granted.

**I. Background**

  Plaintiff Mathew Kurtenbach sued Defendants Yellow Medicine County, Keith Helgeson, Gregory Barnes, Wayne DeBlieck, and Kathy Busack (collectively "Yellow Medicine County Defendants"), and Upper Sioux Police Department Officer Travis

MacLeod ("Officer MacLeod"). (Am. Compl. at 1, ¶¶ 3–9, Dkt. No. 45.) Mr. Kurtenbach settled his claims with the Yellow Medicine County Defendants, and those Defendants have been dismissed from the case.[1] (*See* Dkt. Nos. 106, 114, 116, 119.) Therefore, this Report and Recommendation is limited to Mr. Kurtenbach's claims against Officer MacLeod.

      A.      **Relevant Allegations in Mr. Kurtenbach's Amended Complaint**

The Amended Complaint (Dkt. No. 45) is the operative complaint. Mr. Kurtenbach alleges on April 30, 2019, he was pulled over near Granite Falls, Minnesota, by Deputy Sheriff Gregory Barnes. (Am. Compl. ¶ 11.) He was arrested for not having a Minnesota driver's license or proof of insurance, and for alleged reckless driving, potentially while under the influence. (*Id.*) Mr. Kurtenbach claims that he was arrested, handcuffed, and then placed in the back of the patrol vehicle. (*Id.*) In the patrol car, Officer MacLeod allegedly asked Mr. Kurtenbach questions relating to his drug use, and did so without advising Mr. Kurtenbach of his *Miranda* rights. (*Id.* ¶ 12.) The first claim Mr. Kurtenbach brings against Officer MacLeod is for a violation of *Miranda* for interrogating Mr. Kurtenbach about his drug use without advising him of his *Miranda* rights. (*Id.* ¶¶ 12, 15.)

After Mr. Kurtenbach was questioned, he alleges, Officer MacLeod and other officers began an inventory search of the vehicle. (*Id.* ¶ 17.) During the search they found in the center console an unlabeled prescription bottle containing an acid reflux medication. (*Id.* ¶ 18.) Based on this discovery and the belief that possession of an unlabeled

---

[1] In light of this development, the Court recommends that the Yellow Medicine County Defendants' summary-judgment motion be denied as moot.

2

prescription bottle was a crime in Minnesota, they applied for a search warrant. (*Id.* ¶¶ 18–19.) Mr. Kurtenbach asserts that the search warrant was obtained based on this incorrect understanding of the law and on his un-*Mirandized* statements. (*Id.* ¶ 19.) Mr. Kurtenbach's second claim against Officer MacLeod is for obtaining a search warrant by relying on incorrect statements of the law and illegally obtained statements. (*Id.* ¶ 22.)

As relief for these alleged constitutional violations, Mr. Kurtenbach is requesting an award of monetary damages and injunctive relief precluding Officer MacLeod from participating in these acts ever again. (*Id.* ¶¶ 16, 23.)

**B.    Facts of Record**

On April 30, 2019, Mr. Kurtenbach was pulled over near Granite Falls, Minnesota, for driving erratically and tailgating. (McEllistrem Decl. Ex. D at 80,[2] Ex. E at 121, Dkt. No. 101-1.) Yellow Medicine County Deputy Sheriff Barnes responded to a driving complaint call and pulled over Mr. Kurtenbach after confirming that the vehicle was driving erratically. (*Id.* Ex. D at 81, Ex. E at 121.) Deputy Barnes was accompanied by Deputy DeBlieck, and in their traffic stop, they determined that Mr. Kurtenbach's driving status was suspended, there was an outstanding warrant in Mahnomen County, and he did not have proof of insurance. (*Id.* Ex. D at 82, Ex. E at 122.) Additionally, they observed that Mr. Kurtenbach acted as though he was under the influence of a controlled substance because he was fidgeting and was unaware that his car was rolling forward while the officers were talking to him. (*Id.* Ex. D at 83, Ex. E at 122.) The officers arrested Mr.

---

[2] The Court cites to the page numbers provided by the CM/ECF system for the exhibits to McEllistrem's Declaration.

Kurtenbach for not having the proper documentation to drive and called Officer MacLeod, who is a certified drug recognition evaluator, to the scene. (*Id.* Ex. D at 84, 107, Ex. E at 122.)

When Officer MacLeod arrived, he was aware that Mr. Kurtenbach had been placed under arrest. (*Id.* Ex. D at 110–11.) Mr. Kurtenbach was handcuffed and in the back of the squad car. (*Id.* Ex. E at 123.) Officer MacLeod questioned Mr. Kurtenbach without advising him of his *Miranda* rights, and based on Mr. Kurtenbach's mannerisms determined that Mr. Kurtenbach was under the influence and took Mr. Kurtenbach's car keys. (*Id.* Ex. D at 109, Ex. E at 123, 132.) Officer MacLeod saw a small vial on the car keys, opened it, and found Viagra pills, which require a prescription. (*Id.* Ex. D at 110, Ex. E at 123.) Deputy Barnes then did an inventory search of the vehicle, found an unlabeled prescription bottle containing two kinds of prescription medication, and obtained a search warrant. (*Id.* Ex. D at 86, Ex. E at 123.) The vehicle was searched pursuant to the warrant, and officers found controlled substances. (*Id.* Ex. E at 123.)

Instead of testing Mr. Kurtenbach for sobriety or drugs on the side of the road, Officer MacLeod met Mr. Kurtenbach at the Yellow Medicine County Jail. (*Id.* Ex. D at 86, Ex. E at 123.)[3] There, Officer MacLeod advised Mr. Kurtenbach of his *Miranda* rights, but Mr. Kurtenbach refused a drug evaluation. (*Id.* Ex. D at 87, Ex. E at 124.)

Mr. Kurtenbach was charged with one count of 4th Degree Possession of a Controlled Substance with Intent to Sell under Minn. Stat § 152.024.2(2), and one count

---

[3] The state court order is silent as to how Mr. Kurtenbach got from the scene of the stop to the jail.

of 5th Degree Possession of a Controlled Substance under Minn. Stat. § 152.025.02(1). (McEllistrem Decl. Ex. G at 143.) Mr. Kurtenbach moved in state court to suppress all evidence seized from his person and his vehicle on the grounds that the stop was made without reasonable suspicion, a *Miranda* violation, an unlawful search, improper impoundment of his vehicle, and that the search warrant was issued without probable cause. (*Id.* Ex. A at 1–3; Ex. E at 1.) The presiding state court judge denied the motion to suppress. (*Id.* Ex. E at 124.) Mr. Kurtenbach later pleaded guilty to the 5th Degree possession charge. (*See id.* Ex. F at 139–42, Ex. H at 150.)

Mr. Kurtenbach commenced this case against the Yellow Medicine County Defendants and Officer MacLeod pursuant to 42 U.S.C. § 1983. (Am. Compl. at 1, ¶¶ 3–9.) Mr. Kurtenbach filed a motion for summary judgment on January 3, 2022. (Dkt. No. 81.) Mr. Kurtenbach argued that Officer MacLeod interrogated Mr. Kurtenbach without a *Miranda* warning and illegally obtained search warrants for Mr. Kurtenbach's vehicle and a blood sample.[4] (Pl.'s Mem. Supp. Mot. Summ. J. at 7, 9, Dkt. No. 82.) The Yellow Medicine County Defendants filed a motion for summary judgment on January 20, 2022 (Dkt. No. 88), but those Defendants later settled with Mr. Kurtenbach and were dismissed from the case. (*See* Dkt. Nos. 106, 114, 116, 119.) Officer MacLeod filed a motion for summary judgment on January 21, 2022. (Dkt. No. 98.) Mr. Kurtenbach did not file a response to Officer MacLeod's motion.

---

[4] The Amended Complaint does not reference the search warrant for the blood sample and thus it is not a claim for relief. To the extent Mr. Kurtenbach would seek to amend his complaint to allege this claim, it would be denied as untimely. (*See* Order at 3–4, Dkt. No. 77).)

5

## II. Legal Standard

A party is entitled to summary judgment by showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ P. 56(a). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphases in original). Materiality is determined by the applicable substantive law. *Id.* at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). A dispute is "genuine" if the evidence would support a reasonable jury's verdict for the nonmovant. *Id.* The Court views the evidence and draws all reasonable inferences in the nonmovant's favor. *Windstream Corp. v. Da Gragnano*, 757 F.3d 798, 802–03 (8th Cir. 2014).

## III. Discussion

### A. The Unconstitutional-Search Claim

Summary judgment should be granted for Officer MacLeod on the unconstitutional search claim because the doctrine of collateral estoppel, also known as issue preclusion, precludes Mr. Kurtenbach from relitigating the issue. "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 91, 94 (1980). It is well established that collateral estoppel bars a § 1983 claim for an alleged constitutional violation that was

litigated and decided against the plaintiff in a prior state court criminal proceeding. *E.g., Simmons v. O'Brien*, 77 F.3d 1094, 1095–96 (8th Cir. 1996) ("When a federal constitutional issue is previously decided in a state criminal proceeding following a full and fair hearing, issue preclusion will therefore bar relitigation of that issue in a § 1983 action.").[5]

Minnesota law governs whether to give preclusive effect to the state court's decision. *See id.* The party seeking to apply issue preclusion must show four elements:

> (1) the issues in the prior and present adjudication must be identical; (2) there must have been a final adjudication on the merits; (3) the estopped party must have been a party or in privity with a party to the prior adjudication; (4) and the estopped party must have been given a fair and full opportunity to be heard on the adjudicated issue.

*Heine v. Simon*, 702 N.W.2d 752, 761 (Minn. 2005). Each of these elements is met in this case.

Beginning with whether the issues are identical, the question in this case is whether the search of Mr. Kurtenbach's vehicle pursuant to a search warrant was unconstitutional because the warrant was obtained based in part on an incorrect statement of law made in

---

[5] Officer MacLeod sought to apply collateral estoppel to the *Miranda* claim as well. (Def.'s Mem. at 6–8.) Although the state court concluded as a matter of law that no *Miranda* violation occurred (McEllistrem Decl. Ex. E. at 124), the state court's order also included a factual finding that Officer MacLeod interrogated Mr. Kurtenbach while he was in custody and did not give him a *Miranda* warning. (*Id.* at 133.) The court therefore suppressed Mr. Kurtenbach's statements to Officer MacLeod. (McEllistrem Decl. Ex. E at 133.) Because the *Miranda* issue was decided in Mr. Kurtenbach's favor, the preclusive effect, if any, would be to find that a *Miranda* violation occurred. While the state court's conclusion of law is difficult to reconcile with its finding of fact, in the end, because relief is not available under § 1983 for a *Miranda* violation (*see* Part III.B) this Court need not delay over any apparent inconsistencies in the state court's order.

the supporting affidavit.[6] The adequacy of the warrant and the constitutionality of the vehicle search are identical to issues already decided in the prior criminal proceeding. The state court determined that the search warrant application provided probable cause for the warrant and that the search did not violate the Constitution. (McEllistrem Decl. Ex. E at 124.) Although the state court agreed with Mr. Kurtenbach that Officer Barnes made an incorrect statement of law in the search warrant application, the search warrant was nonetheless supported by probable cause for the following reasons: Officer Barnes was justified in opening the vial attached to Mr. Kurtenbach's keychain incident to Mr. Kurtenbach's arrest; Mr. Kurtenbach's behavior, movements, and appearance supported a belief that he was under the influence of a controlled substance; and Officer Barnes found a bottle of unmarked pills, heightening his suspicion that there could be other unmarked medications or controlled substances in Mr. Kurtenbach's vehicle. (*Id.* at 128–29.) The state court held that the search of Mr. Kurtenbach's car pursuant to the search warrant was constitutional. This is the same issue now before the Court.

Next, the party to be precluded must have been a party in the original case or in privity with a party from the original case. The first case where the constitutionality of the search warrant issue was litigated was the state-court criminal proceeding against Mr. Kurtenbach, *Minnesota v. Kurtenbach*, Case No. 87-CR-19-239 (Minn. Dist. Ct. filed Mar. 31, 2020). (*See* McEllistrem Decl. Ex. E.) Mr. Kurtenbach was the defendant in that case,

---

[6] Mr. Kurtenbach argues that the supporting affidavit also contained illegally obtained statements, but the affidavit did not contain any of the un-*Mirandized* statements Mr. Kurtenbach made to Officer MacLeod. (*See* Yellow Medicine County Defs.' Ex. 2, Dkt. No. 95-1.)

and he is now the plaintiff in the present case. He was an actual party in both cases, so this element is satisfied.

The party to be precluded also must have been given a full and fair opportunity to be heard on the issue. Mr. Kurtenbach challenged the constitutionality of the search warrant through a motion to suppress, and an evidentiary hearing was held on the motion. The state court denied the motion in a written order setting forth the court's reasoning and rationale. Mr. Kurtenbach was given a full and fair opportunity to be heard.

Finally, the first action must have ended in a final adjudication on the merits. The state criminal proceeding against Mr. Kurtenbach ended with a conviction for 5th degree possession of marijuana on April 5, 2021. (McEllistrem Decl. Ex. H.)

Consequently, collateral estoppel bars Mr. Kurtenbach's unconstitutional-search claim, and the Court need not address Officer MacLeod's other arguments for summary judgment on this claim.

### B. The *Miranda* Claim

Mr. Kurtenbach's claim for a violation of *Miranda* should be dismissed because "a violation of *Miranda* . . . does not constitute the deprivation of a right secured by the Constitution." *Vega v. Tekoh*, --- S. Ct. ----, No. 21-499, 2022 WL 2251304, at *9 (U.S. June 23, 2022) (cleaned up); *Hannon v. Sanner*, 441 F.3d 635, 636 (8th Cir. 2006) ("[A] litigant cannot maintain an action under § 1983 based on a violation of the *Miranda* safeguards"); *Brock v. Logan County Sheriff's Dept. of Ark.*, 3 F.3d 1215, 1217 (8th Cir. 1993) ("The remedy for the alleged *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a civil rights action."). Because the law is clear that

Mr. Kurtenbach's *Miranda* claim cannot be maintained under § 1983, the Court need not address Officer MacLeod's other arguments for summary judgment on this claim.

## IV. Recommendation

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff Matthew Kurtenbach's Motion for Summary Judgment (Dkt. No. 81) be **DENIED**;

2. Defendants Yellow Medicine County, Keith Helgeson, Gregory Barnes, Wayne DeBlieck, and Kathy Busack's Motion for Summary Judgment (Dkt. No. 88) be **DENIED AS MOOT**;

3. Defendant Travis MacLeod's Motion for Summary Judgment (Dkt. No. 98) be **GRANTED**; and

4. **JUDGMENT BE ENTERED ACCORDINGLY.**

Date: July 6, 2022

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).